# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SALADIN HOWELL,

        **Plaintiff,**

**v.**                                         **Civil action no. 5:07cv69**
                                                   **(Judge Stamp)**

A. McCORMICK;

        **Defendant.**

## REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On June 19, 2007, the plaintiff, initiated this case by filing an "Affidavit of Criminal Complaint For Violation of Oath of Public Officer Sworn and Affirmed as a Federal Employee, Violation of the Constitution, Article 4, Section 2, Clause 1, and Title 18 U.S.C. § 245(b)(1)(c).  Affidavit of Criminal Complaint of Saladin Howell Pursuant to Rule 4(a)."  The case was docketed as a prisoner civil rights matter brought pursuant to 20 U.S.C. § 1331.  On June 5, 2007, the undersigned entered an Order which noted that the allegations raised in the pleading might establish a cause of action for violation of the plaintiff's civil rights by a federal official.  However, because the pleading was unclear, the plaintiff was directed to compete the packet for filing a Bivens action within thirty days.  In addition, to the extent that the pleading alleged criminal activity on the part of a federal employee, the Clerk was directed to forward a copy of the pleading to the United States Attorney for the Northern District of West Virginia for her review and any action she deemed appropriate.

In response to the Order directing him to file a form Bivens complaint, the plaintiff responded that to change his original affidavit to a Bivens complaint would be to commit perjury.  The plaintiff

further noted that he was not seeking any form of compensation, and the only relief he was requesting was 'enforcement of the law." This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## II. THE AFFIDAVIT

The affidavit alleges that the defendant, A. McCormick is a corrections officer at USP Hazelton. The affidavit further alleges that the defendant, acting under color of law, in his individual capacity, is violating the plaintiff's right to benefit from employment in the Federal Prison Industries through threats and abuse. More specifically, the plaintiff alleges the defendant conducted an unauthorized bed-book count during normal operations, causing him to loose sleep even though the defendant knew he worked a sewing machine operator in the Federal Prison Industries, which is also known as UNICOR. The affidavit further alleges that on April 18, 2007, the defendant wrongfully abused the power of his public office through the use of sleep deprivation resulting in a violation of federally protected activities in violation of 18 U.S.C. §245(b)(1)(c). The affidavit further alleges that on or about April 18, 2007, the defendant interfered with the plaintiff's rights so as to deprive him of the enjoying in the benefits from a program receiving Federal Financial Assistance in violation of 18 U.S.C. § 245(b)(1)(E). Finally, the affidavit alleges that on or about April 29, 2007, the defendant entered the plaintiff's cell and expressed his intent to poison and physically injure the plaintiff in a premeditated act of revenge in violation of 18 U.S.C. § 245(b)(1)(C)(E)(2)(C). As relief, the affidavit asks that a summons be issued for the defendant to appear before the court to answer the charges contained therein.

## III. ANALYSIS

As a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir.

1988) (a private citizen has no authority to initiate a criminal prosecution); <u>Sattler v. Johnson</u>, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.)  Thus, this court has no authority to file criminal charges against an individual, nor can this court direct that criminal charges be filed.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are  made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);<u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: February 19, 2008.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

3