IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SALADIN HOWELL,

        Plaintiff,

v.                                      Civil Action No. 5:07CV69
                                                         (STAMP)
A. McCORMICK,

        Defendant.

              **MEMORANDUM OPINION AND ORDER**
              **AFFIRMING AND ADOPTING REPORT AND**
              **RECOMMENDATION OF MAGISTRATE JUDGE**

                         I.  Background

    The pro se[1] plaintiff, Saladin Howell, an inmate at the United States Penitentiary--Hazelton ("USP Hazelton"), in Bruceton Mills, West Virginia, filed a complaint styled, "Affidavit of Criminal Complaint For Violation of Oath of Public Office, Sworn and Affirmed as a Federal Employee, Violation of the Constitution, Article 4, Section 2, clause 1, and Title 18 U.S.C. § 245(b)(1)(C). Affidavit of Criminal Complaint of Saladin Howell. Pursuant to Rule 4(a)." Although initially docketed as a prisoner civil rights matter brought under 28 U.S.C. § 1331, the allegations raised in the pleading appeared to attempt to state a cause of action for violation of the plaintiff's civil rights by a federal official. Accordingly, the plaintiff was directed to complete the packet for filing a complaint pursuant to Bivens v. Six Unknown Federal

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Narcotics Agents, 403 U.S. 388 (1971).[2]  In response, the plaintiff filed an affidavit stating that if he were to amend his original affidavit to a Bivens complaint, he would be committing perjury. He also stated that he was seeking no compensation, and, further, that the only relief he was requesting was "enforcement of the law."

The case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommended disposition pursuant to Local Rule of Prisoner Litigation 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge entered a report and recommendation recommending that the plaintiff's civil action be dismissed with prejudice.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections.  For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure

---

[2]The Clerk was directed to forward a copy of the pleading to the United States Attorney for the Northern District of West Virginia for her review.

to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. <u>See</u> <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In his affidavit, the plaintiff alleges that the defendant, a corrections officer at USP Hazelton, violated the plaintiff's right to benefit from employment at the Federal Prison Industries by threatening and abusing the plaintiff. Specifically, the plaintiff claims that the defendant, despite being aware that the plaintiff operated a sewing machine at his prison worksite, conducted an unauthorized bed-book count during normal operations causing the plaintiff to lose sleep. According to the plaintiff, the defendant wrongfully abused the power of his public office by depriving the plaintiff of sleep, thereby violating federally protected activities under 18 U.S.C. § 245(b)(1)(C). Moreover, the affidavit avers that on April 18, 2007, the defendant denied the plaintiff from the benefits of a program which receives federal financial assistance, in violation of 18 U.S.C. § 245(b)(1)(E). Finally, the affidavit alleges that, in violation of 18 U.S.C. § 245(b)(1)(C)(E)(2)(C), the defendant entered the plaintiff's cell and announced that he intended to poison and physically injure the

3

plaintiff.  As relief, the plaintiff asks that a summons be issued for the defendant to appear before the court and answer all the charges contained in the affidavit.

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

The magistrate judge recommended that the plaintiff's claim be dismissed because this Court lacks authority to provide the plaintiff's sole requested relief.  This Court agrees.  In his affidavit, the plaintiff seeks as his only relief that criminal charges be filed against the defendant.  However, a "private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."  Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) (citing Linda R.S. v. Richard D.,410 U.S. 614, 619 (1973)).  See also Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988).  Accordingly, this Court finds no clear error in the magistrate judge's recommendation to dismiss the plaintiff's civil action for failure to state a claim upon which relief can be granted.

4

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's claim is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    August 4, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE